IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01464-BNB

ORESTE PEDROSA,

Applicant,

v.

RICHARD SMELSER, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 12 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Oreste Pedrosa is in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Pedrosa has filed a ***pro se*** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Pedrosa is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Pedrosa is not challenging the execution of his criminal conviction and sentence in this action. Instead, he is challenging a detainer that was placed against him, on September 29, 1998, by the U.S. Immigration and Naturalization Service (INS),

which now is known as the Bureau of Immigration and Customs Enforcement (ICE).[1] Mr. Pedrosa asserts that the detainer was an issue during his previous incarceration, but the detainer was removed. The Court also notes that in Mr. Pedrosa's initial pleading, submitted to the Court on June 23, 2009, he states that although the ICE detainer was lodged against him on September 29, 1998, he has yet to appear before a court regarding the detainer. Mr. Pedrosa further asserts in the June 23 pleading that the detainer simply indicates that he is "wanted" by the ICE.

It is clear to the Court that Mr. Pedrosa is attempting to challenge the ICE detainer as it affects his classification and ability to participate in DOC rehabilitation programs. Pursuant to 28 U.S.C. § 2241(c), Mr. Pedrosa must be in custody for the purposes of the ICE detainer in order to challenge that detainer. Although there is no question that Mr. Pedrosa is in custody, he is not in ICE custody. Applicant does not assert nor does he provide any evidence that a final order of deportation has been issued. Based on Mr. Pedrosa's allegations, the detainer placed against him only indicates that the ICE is going to be making a decision about his deportability in the future. The fact that the ICE has issued a detainer is not sufficient by itself to satisfy the ICE custody requirement. ***See Galaviz-Medina v. Wooten***, 27 F.3d 487, 493 (10th Cir. 1994). Therefore, the Application will be denied because Mr. Pedrosa is not in custody for the purposes of the ICE detainer he seeks to challenge.

---

[1] The Immigration and Naturalization Service (INS) has been abolished pursuant to section 471 of the Homeland Security Act of 2002, which created the Department of Homeland Security (DHS). The functions previously performed by the INS have been transferred to the DHS under the Bureau of Immigration and Customs Enforcement (ICE).

The Court also notes that with respect to Mr. Pedrosa's desire to participate in rehabilitation programs or to be subject to a certain classification, the United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. ***See Templeman v. Gunter***, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Pedrosa has not been deprived of life or property in that he may not be allowed to participate in certain programs or subject to a certain classification. Therefore, his due process claim depends upon the existence of a liberty interest. The existence of a liberty interest in turn depends upon the nature of the interest asserted. ***See Sandin v. Conner***, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. ***See Morrissey v. Brewer*** , 408 U.S. 471, 481 (1972).

The United States Constitution itself does not create a protected liberty interest in a prisoner's classification, ***see Meachum v. Fano***, 427 U.S. 215, 225 (1976), or the ability to participate in rehabilitation programs, ***see Templeman***, 16 F.3d at 369; ***Battle v. Anderson***, 564 F.2d 388, 403 (10th Cir. 1977). Therefore, the fact that the DOC has determined that Mr. Pedrosa is not eligible for certain rehabilitation programs or a specific classification due to an ICE detainer does not impose on him any "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." ***Sandin***, 515 U.S. at 484. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice.

DATED at Denver, Colorado, this 11 day of Aug., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01464-BNB

Oreste Pedrosa
Prisoner No. 54931
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/12/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk